**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4620**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

JAY MORRIS SPECTER,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:06-cr-00688-TLW)

Submitted:  February 22, 2008        Decided:  April 8, 2008

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.  Winston D. Holliday, Jr., Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jay Morris Specter was convicted by a jury of five counts of uttering a forged security, in violation of 18 U.S.C. § 513 (2000). Specter was sentenced to forty-two months' imprisonment and ordered to pay $498,902.65 in restitution. Finding no error, we affirm.

On appeal, Specter initially contends that the district court erred in denying his Fed. R. Crim. P. 29 motion for judgment of acquittal. Specter argues the evidence was insufficient to support his convictions. We review the district court's denial of a Rule 29 motion under a sufficiency of the evidence standard. United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992). To determine if there was sufficient evidence to support a conviction, we consider whether, taking the evidence in the light most favorable to the government, substantial evidence supports the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). We review both direct and circumstantial evidence, and permit the "government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

To establish a charge for uttering a forged security, the government must prove that the defendant: (1) uttered; (2) a forged security; (3) of an organization that operates in or affects interstate commerce; (4) with the intent to deceive another person

- 2 -

or organization. 18 U.S.C. § 513(a). A forged security is one "that purports to be genuine but is not because it has been falsely altered, completed, signed, or endorsed, or contains a false addition thereto or insertion therein, or is a combination of parts of two or more genuine documents." 18 U.S.C. § 513(c)(2).

The evidence presented at trial established that Carolina Capital Investment Corporation ("C.C.I.C.") issued eleven two-party checks to Specter's business, Insurall Casualty Group ("Insurall"), and various contractors on December 12, 2001. The checks, which totaled more than one million dollars, were issued in response to invoices submitted by Specter to C.C.I.C. for payment. Two-party checks were issued in an attempt to protect the collateral investment of C.C.I.C. Therefore, it was paramount that both Insurall and the named contractors endorse the checks.

Specter picked the checks up at C.C.I.C. on the morning of December 14, 2001. Around noon that same day, Specter endorsed the checks and deposited ten of them into his business account at Anderson Brothers Bank. None of these checks contained the requisite second endorsement. At the time Specter deposited the checks, records indicate that he had little to no funds in his accounts.

Copies of the original checks clearly show that they were two-party checks. Each check named two payees; Insurall was listed on the top line followed by an ampersand, with the contractor's

- 3 -

name in smaller letters underneath.  At some point after Specter picked the checks up from C.C.I.C., check marks were placed on the front of the checks that obscured the ampersand.  The banks involved in processing the checks stated they had no policy of placing check marks on checks.

Construing the facts in the light most favorable to the Government, we conclude there was sufficient evidence to support the jury's verdict.  The facts amply support a conclusion that Specter presented checks containing false additions for deposit in his business account.  By obscuring the ampersand with a check mark, Specter was able to deposit the checks without involving the contractors.  Therefore, rather than pay the contractors according to their invoices, Specter was able to use the funds as working capital to keep his business running.  The business ultimately failed only a few months later.

Specter also contends that his sentence is unreasonable. He argues that he should have received a downward departure or a variance sentence based on his contributions to the community and family hardship.  We review a sentence for reasonableness, applying an abuse of discretion standard. See Gall v. United States, 128 S. Ct. 586, 597-98 (2007).  Sentences within a properly calculated advisory guideline range are accorded a presumption of reasonableness. See United States v. Green, 436 F.3d 449, 457 (4th

Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006); <u>see also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-65 (2007).

The district court appropriately treated the Sentencing Guidelines as advisory, properly calculated and considered the advisory guideline range, and weighed the relevant 18 U.S.C. § 3553(a) factors. <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005). As Specter's forty-two month sentence is within the applicable guideline range and below the statutory maximum, it is presumptively reasonable. Specter has failed to establish that the district court abused its discretion in imposing the chosen sentence.

Accordingly, we affirm the judgment of the district court. We deny Specter's pro se motions to file a supplemental brief and for judgment on the pleadings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>